**Peggy HAWKINS–DEAN,**
**Plaintiff–Appellee,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a Corporation**
**Defendants–Appellants.**

and

**Robert Half International, Inc., an Erisa Plan Defendant.**

**No. 04–55277.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Jan. 6, 2006.

Charles J. Fleishman, Esq., Beverly Hills, CA, for Plaintiff–Appellee.

Joseph C. Faucher, Max S. Sank, Esq., Reish & Luftman, Los Angeles, CA, for Defendants–Appellants.

James P. Baker, Esq., Orrick Herrington & Sutcliffe, LLP, San Francisco, CA, for Defendant.

Before: WARDLAW and PAEZ, Circuit Judges, and SINGLETON, District Judge.*

## MEMORANDUM **

Appellant Peggy Hawkins–Dean was employed by Robert Half International ("RHI") and was enrolled in RHI's Long–Term Disability Benefits Plan ("the Plan"). The Plan is funded by a group policy issued by Metropolitan Life Insurance Company ("MetLife") to RHI and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* This matter was originally before the district court in a separate action regarding Hawkins–Dean's entitlement to long-term disability benefits under the Plan. MetLife denied Hawkins–Dean's benefits claim, and she brought suit. Before the district court ruled on the parties' motions for summary judgment, MetLife admitted Hawkins–Dean's benefits eligibility, leaving only the amount of benefits in question. The district court remanded the matter to MetLife to determine the amount of monthly benefits due to Hawkins–Dean. MetLife calculated the amount of benefits as 60% of Hawkins–Dean's earnings, not including stock options she received from RHI. This resulted in an amount significantly lower than Hawkins–Dean anticipated, and she again filed suit.

Faced with this controversy, the district judge held that MetLife, as the Plan administrator, did not abuse its discretion in calculating Hawkins–Dean's monthly benefit amount. The district judge correctly determined that under the terms of the Plan, MetLife, as the Plan administrator, had discretion to make disability and benefit determinations. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). We conclude, however, that MetLife's denial and subsequent concession of eligibility for disability benefits was material, probative evidence tending to show that MetLife's decision regarding the amount of benefits due to Hawkins–Dean was affected by self-interest. *See Atwood v. Newmont Gold Co.,* 45 F.3d 1317, 1322–23 (9th Cir.1995). Because MetLife did not demonstrate that the benefits amount decision was made in furtherance of its fiduciary duties, the district court should have reviewed the benefits amount determination de novo.

* The Honorable James K. Singleton, Senior District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited except as may be provided by Ninth Circuit Rule 36–3.

Ordinarily this conclusion would require remand to allow the district court to consider the evidence under the appropriate standard of review. Based on the record in this case and the doctrine of *contra proferentem*, however, we conclude that Hawkins–Dean is entitled to monthly benefits based on her total earnings, including earnings from stock options, as reported on her W–2 form. Remand, therefore, will be for an award of benefits consistent with this disposition.

**REVERSED and REMANDED.**